UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 7

Abdul Rauf and Salmi Rauf,                          Case No. 12-67060

    Debtors.                    Hon. Phillip J. Shefferly
_____/

Wildwood Property, L.L.C.,                          Adversary Proceeding
                                                    No. 13-04260-PJS

    Plaintiff,

v.

Abdul Rauf,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On January 3, 2014, the Court issued an Opinion Denying Determination of Non-Dischargeable Debt After Trial ("Opinion"). On the same day, the Court entered an Order Denying Determination of Non-Dischargeable Debt ("Order"). On January 17, 2014, the Plaintiff, Wildwood Property, L.L.C. ("Wildwood"), filed a timely motion for reconsideration (ECF No. 51) of the Order. Wildwood's motion for reconsideration correctly relies upon Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(b), and E.D. Mich. L.B.R. 9024-1(a). Rule 60(b) governs relief from a final judgment or order, and has six subsections covering specific grounds. Local Rule 9024-1(a)(3) provides that the moving party "shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof." Wildwood focuses on the test for demonstrating a

palpable defect, rather than any of the grounds under Rule 60(b). "To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." In re McInerney, 490 B.R. 540, 546 n.7 (Bankr. E.D. Mich. 2013) (quoting Visteon Corp. v. Collins & Aikman Corp. (In re Collins & Aikman Corp.), 417 B.R. 449, 454 (E.D. Mich. 2009)).

Wildwood's motion for reconsideration raises two issues, both of which relate to the Opinion's application of law to the facts in evidence regarding Wildwood's count II brought under § 523(a)(2)(B) of the Bankruptcy Code. First, Wildwood argues that the Court committed a clear error of law in finding that Wildwood's reliance upon an application for tenancy ("Application") signed by the Debtor was not reasonable. Next, Wildwood argues that the Court committed a clear error of law in finding that the Debtor did not submit the Application with an intent to deceive Wildwood.

On the first issue, Wildwood asserts that the Court applied an incorrect legal standard regarding reasonable reliance for purposes of § 523(a)(2)(B). According to Wildwood, the proper test in the Sixth Circuit is that if the Court finds actual reliance, then it can only find that such actual reliance was unreasonable if the creditor acted in bad faith. In the context of this case, because there was evidence that Wildwood actually relied upon the Application, Wildwood argues that the Court cannot find that Wildwood did not reasonably rely upon the Application, because there is no evidence that Wildwood acted in bad faith. In Wildwood's view, because there is no evidence of bad faith by Wildwood, Wildwood must necessarily have reasonably relied upon the Application.

Wildwood takes too narrow of a view of the test for reasonable reliance within the Sixth Circuit in the context of § 523(a)(2)(B). It is true that the Sixth Circuit has followed the Seventh Circuit's holding in Northern Trust Co. v. Garman (In re Garman), 643 F.2d 1252 (7th Cir.

1980), which held that a "creditor need establish only its reliance in fact, although its claims to reliance cannot be so unreasonable as to defeat a finding of reliance in fact." Id. at 1258. Further, in Martin v. Bank of Germantown (In re Martin), 761 F.2d 1163, 1166 (6th Cir. 1985), the Sixth Circuit cited to Garman in holding that reasonable reliance is not "a rigorous requirement, but rather is directed at creditors acting in bad faith."

However, the Sixth Circuit still requires that the Court consider the totality of the circumstances in deciding reasonable reliance. Id. ("Initially the Bankruptcy Court should make its determination of reasonableness considering all the facts and circumstances of the case . . . ."). In a case decided after Martin, the Sixth Circuit repeated this standard, holding that "[w]hether a creditor's reliance was reasonable is a factual determination to be made in light of the totality of the circumstances." BancBoston Mortgage Corp. v. Ledford (In re Ledford), 970 F.2d 1556, 1560 (6th Cir. 1992). The Ledford court then suggested five such circumstances:

> (1) whether the creditor had a close personal relationship or friendship with the debtor; (2) whether there had been previous business dealings with the debtor that gave rise to a relationship of trust; (3) whether the debt was incurred for personal or commercial reasons; (4) whether there were any "red flags" that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and (5) whether even minimal investigation would have revealed the inaccuracy of the debtor's representations.

Id. (citations omitted).

The courts in Martin and Garman conducted just such a review of the circumstances in determining the reasonableness of the particular creditor's reliance in those cases. The Martin court highlighted the relatively small size of the loan when compared to the debtors' stated net worth, the plaintiff's "prior business dealings with the [debtors], leading them to believe [the debtors were] reliable," and the fact that the plaintiff obtained the debtors' credit report. Martin, 761 F.2d at 1166-67. In Garman, the court likewise reviewed the specific circumstances of that case in

-3-

determining whether the plaintiff had a duty to verify the debtor's financial statement, noting that the debtor "was a longtime customer of the bank and repeated his alleged misrepresentations over a three-year period[,]" there were no red flags in the statements "indicating that further investigation may be required, nor [was] there any allegation that further investigation would have uncovered the [materially false statements]." Garman, 643 F.2d at 1259-60.

In the Opinion, the Court did just what Martin, Garman and Ledford instruct. The Court reviewed all of the circumstances in this case to determine whether Wildwood's reliance was reasonable. The Court noted the following facts. The Debtor and Wildwood did not have any prior relationship, either business or personal. To ascertain the Debtor's creditworthiness, Wildwood relied entirely on information provided to it by a third party, LaKritz, who gave the Application to the Debtor. The Application was on a form provided by Wildwood that was confusing and ambiguous on its face. The declaration at the end of the Application was also confusing. Neither George Nyman, the principal of Wildwood, nor Adam Nyman, an employee of Wildwood, ever spoke with the Debtor about the information on the Application or the Application itself. Wildwood followed what was a self-described less stringent credit policy in this case because it understood, without ever speaking to the Debtor, that the Debtor was operating another restaurant, Thai Masala, at Great Lakes Crossing, a Taubman owned shopping mall. Neither George Nyman nor Adam Nyman knew how long that restaurant was opened, and did not go out to its premises to verify that it was opened, but instead just assumed it was. Wildwood required no business plan from the Debtor or Fusion, speculating only that Taubman had "vetted this guy." Neither George Nyman nor Adam Nyman ever contacted Taubman to ascertain any information about the restaurant or about the Debtor. Wildwood did not have any tax returns from the Debtor until well after the lease in question in this case was signed. Even a minimal inquiry would have revealed that the Debtor had a different

-4-

13-04260-pjs    Doc 55    Filed 01/29/14    Entered 01/30/14 08:06:14    Page 4 of 8

understanding of the information on the Application than did Wildwood. In the Opinion, the Court examined all of the evidence, and concluded that in the facts and circumstances of this case, Wildwood's reliance on the information in the Application was just not reasonable.

Wildwood's motion for reconsideration argues that the Opinion's finding that Wildwood's reliance was not reasonable improperly imposes a duty of investigation upon Wildwood. According to Wildwood, it has no duty of investigation. But in the Sixth Circuit, there is no per se rule either way. A creditor's failure to verify statements does not make its reliance unreasonable, nor does verification always mean that a creditor's reliance is reasonable. Instead, staying true to the rule that reasonable reliance is an inherently factual determination, the duty to investigate depends on the circumstances of the case.

The Sixth Circuit discussed this point at length in the unpublished opinion Bomis v. National Union Fire Insurance Co., 25 F.3d 1047 (Table), 1994 WL 201885 (6th Cir. May 23, 1994) (per curiam). In that case, the parties disagreed as to "the relationship in the Sixth Circuit between reasonable reliance and the duty to investigate." Id. at *3. Neither side was entirely correct in its position. The Bomis court clarified the relationship, holding that "the Sixth Circuit has neither wholly rejected the duty to investigate, nor carved out a single, narrow exception for red flags." Id. at *4. "[T]he existence of a duty to investigate depends heavily on the circumstances-circumstances including, but not limited to, red flags." Id. The Bomis court then discussed In re Ledford and In re Garman, highlighting the facts in each case that supported the finding of reasonable reliance. In Ledford, a "minimal investigation would not have revealed the fraud by the debtor and [ ] the lender and borrower had a prior business relationship." Id. (citing Ledford, 970 F.2d at 1561). In Garman, "the debtor was a long-time customer of the bank, there were no red flags, and further investigation would not have revealed the debtor's fraud." Id. (citing Garman, 643 F.2d at 1259). "Thus, in the

Sixth Circuit, the reasonableness of the creditor's decision not to investigate depends on the circumstances generally thought most relevant to the reasonableness inquiry." Id. at *5 (quoting "the most common of those factors" as set forth in Ledford, 970 F.2d at 1560) (footnote omitted).

The Opinion did not improperly impose a duty of investigation upon Wildwood. Rather, the Opinion concluded that Wildwood's reliance in the circumstances of this case was not reasonable. Wildwood made a number of assumptions about the Debtor, the Debtor's other restaurant, and the information on the Application. Based on these assumptions, Wildwood deviated from its ordinary requirement of requesting a business plan. In the circumstances of this case, with so many assumptions and with so little verification, Wildwood's reliance on the Application was simply not reasonable.

Section 523(a)(2)(B) of the Bankruptcy Code requires "reasonable reliance." Judicial gloss stating that the requirement "is directed at creditors acting in bad faith," In re Martin, 761 F.2d at 1166, is not enough to substitute those words for the words chosen by Congress. The Court concludes that it applied the proper test under Sixth Circuit precedent, and thus has committed no error in articulating or applying the test for reasonable reliance under § 523(a)(2)(B).

Wildwood's second argument is that the Court committed a clear error of law in finding that the Debtor lacked the requisite intent to deceive Wildwood. The Sixth Circuit has referred to both "recklessness" and "gross recklessness" as being the equivalent of intent under § 523(a)(2)(B). See Investors Credit Corp. v. Batie (In re Batie) 995 F.2d 85, 90 (6th Cir. 1993) ("In this circuit, however, section 523(a)(2)(B)(iv) is met if a debtor is reckless when submitting financial statements that he knows are not true, not only if the debtor possesses a subjective intent to deceive."); In re Martin, 761 F.2d at 1167 ("The standard [ ] is that if the debtor either intended to deceive the Bank or acted with gross recklessness, full discharge will be denied.") (citations omitted).

In its motion for reconsideration, Wildwood extensively reviews the facts in this case and the testimony at trial. Wildwood argues that the Court ignored evidence that supported the Debtor's recklessness. This is not true. Wildwood's real disagreement is with the weight and the probative value that the Court ascribed to the evidence, and with the Court's credibility findings regarding the Debtor. Wildwood believes that the evidence proves that the Debtor's conduct was reckless and that the Debtor intended to deceive Wildwood. The Court found otherwise. The Court weighed all of the evidence and found that it did not demonstrate that the Debtor was reckless and did not demonstrate an intent to deceive. Wildwood's motion for reconsideration does not establish a palpable defect in these findings.

The Court has considered both of the arguments raised by Wildwood's motion for reconsideration. The authorities cited by Wildwood do not persuade the Court that it applied an improper legal standard with respect to either of the two issues raised by Wildwood. Instead, it seems to the Court that Wildwood just has a different view of what the evidence proves. As the Court noted in the Opinion, the evidence was somewhat conflicting. However, Wildwood, as the creditor seeking an exception to discharge, ultimately has the burden of persuasion. After weighing all of the evidence, the Opinion explained that Wildwood did not meet its burden to show that its reliance upon the Application was reasonable, or to show that the Debtor intended to deceive Wildwood. Wildwood's motion for reconsideration does not establish that the Court either improperly weighed the evidence or applied an incorrect standard of law. Accordingly,

**IT IS HEREBY ORDERED** that Wildwood's motion for reconsideration (ECF No. 51) is denied.

13-04260-pjs    Doc 55    Filed 01/29/14    Entered 01/30/14 08:06:14    Page 7 of 8

**Signed on January 29, 2014**

                                          **/s/ Phillip J. Shefferly**
                                          **Phillip J. Shefferly**
                                          **United States Bankruptcy Judge**